UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
WESTERN SURETY COMPANY,

                Plaintiff,

-against-

PROFESSIONAL DELIVERY SYSTEMS, INC.
and SHERRIE B. MORRIS,

                Defendants
-------------------------------------------------------------------x

Case No. 07 CIV. 3643

**COMPLAINT**

    Plaintiff, WESTERN SURETY COMPANY, by its attorneys, Law Offices of Michael P. O'Connor, respectfully states and alleges as its complaint as follows:

## JURISDICTION

    1.    This Court has jurisdiction pursuant to 28 U.S.C. §1352 because this is an action involving a U.S. Customs bond executed pursuant to 19 U.S.C.A. §1623, and also has jurisdiction premised on diversity of citizenship, in that plaintiff and defendant are of different states and the amount in controversy exceeds Seventy Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and costs pursuant to 28 U.S.C. §1332.

## VENUE

    2.    Venue is proper in the Southern District of New York because the defendant has consented to the personal jurisdiction and venue of any local, state or federal court having situs within the State of New York, and has also, upon information and belief, conducted business in New York.

## PARTIES

3. At all times hereinafter mentioned, plaintiff, WESTERN SURETY COMPANY, was and still is a corporation organized under the laws of the State of South Dakota and is licensed to do business in the State of New York as a surety. Plaintiff maintains corporate offices at 39 Broadway, Suite 620, New York, New York 10006.

4. Upon information and belief, defendant, PROFESSIONAL DELIVERY SYSTEMS, INC., is a North Carolina corporation with an office for the conduct of business at 4001-A Sentry Post Road, Charlotte, North Carolina 28208.

5. Upon information and belief, defendant, SHERRIE B. MORRIS, is an officer of PROFESSIONAL DELIVERY SYSTEMS, INC., and resides at 12829 Rocky River Church Road, Charlotte, North Carolina 28215.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "5" with the same force and effect as if fully set forth herein.

7. Upon information and belief, defendant, PROFESSIONAL DELIVERY SYSTEMS, INC., is in the business of warehousing merchandise imported into the United States.

8. In order to warehouse goods imported into the United States, defendant, PROFESSIONAL DELIVERY SYSTEMS, INC., was required to post a U.S. Customs bond to ensure that the imported goods would be in compliance with all the regulatory and statutory requirements of the United States Customs Service.

9. On or about December 9, 2005, and pursuant to the request of defendant, PROFESSIONAL DELIVERY SYSTEMS, INC., plaintiff, WESTERN SURETY COMPANY,

did execute and deliver to the United States Customs Service a continuous Customs bond in the form prescribed by the United States Customs Service, whereby plaintiff agreed to guarantee the regulatory and statutory obligations of defendant to the United States for merchandise entering into the United States. See Exhibit "A".

10. Pursuant to 19 CFR Part 113, and the terms of the bond, the Customs bond issued is a continuous bond, which remains in force for one (1) year beginning with the effective date and for each succeeding annual period until terminated. The bond constitutes a separate bond for each period in the amount of Fifty Thousand and 00/100 ($50,000.00.) Dollars.

11. On or about September 2, 2005, defendants, PROFESSIONAL DELIVERY SYSTEMS, INC. and SHERRIE B. MORRIS, personally, executed and delivered to the plaintiff written agreements, attached hereto as Exhibit "B", whereby defendants agreed with the plaintiff that defendants would indemnify the plaintiff and hold the plaintiff harmless from any and all loss, damage, expense and attorney's fees which the plaintiff might sustain by reason of the executed and delivered bond provided to the defendant, PROFESSIONAL DELIVERY SYSTEMS, INC., its subsidiaries, divisions and/or affiliated companies, and upon demand by plaintiff, to pay to plaintiff the amount deemed necessary by plaintiff to protect plaintiff from all losses or expenses, and to place plaintiff in funds to meet any obligation before plaintiff may be required to make any payment thereunder.

12. The United States Customs Service has served a formal demand against plaintiff, on behalf of defendant, PROFESSIONAL DELIVERY SYSTEMS, INC., in the amount of One Hundred Eighteen Thousand Four Hundred Forty Four and 00/100 ($118,444.00) Dollars. See Exhibit "C".

13. Defendant, PROFESSIONAL DELIVERY SYSTEMS, INC., failed and/or refused to pay the liquidated damages of the United States.

14. Pursuant to the aforementioned indemnity agreements (Exhibit "B"), defendants, PROFESSIONAL DELIVERY SYSTEMS, INC. and SHERRIE B. MORRIS, must place with plaintiff funds to meet any liability of the bond.

15. Plaintiff has demanded that defendants, PROFESSIONAL DELIVERY SYSTEMS, INC. and SHERRIE B. MORRIS, post security, but defendants have refused.

16. Plaintiff has fully complied with the terms and provisions of the indemnity agreements.

17. Plaintiff has no adequate remedy at law.

18. Plaintiff, by this action, seeks specific performance of the indemnity agreements.

## AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20. Based upon defendants', PROFESSIONAL DELIVERY SYSTEMS, INC. and SHERRIE B. MORRIS, refusal to comply with the terms of the indemnity agreements, plaintiff retained legal counsel to secure collateral security from defendants, and further retained legal counsel to investigate the claim of U.S. Customs as against defendant, PROFESSIONAL DELIVERY SYSTEMS, INC.

21. Based upon defendants' obligation under the indemnity agreements, defendants, PROFESSIONAL DELIVERY SYSTEMS, INC. and SHERRIE B. MORRIS, are required to hold plaintiff harmless from all expenses, including attorney's fees.

**WHEREFORE**, plaintiff demands judgment against defendants, PROFESSIONAL DELIVERY SYSTEMS, INC. and SHERRIE B. MORRIS, as follows:

a) On the First Cause of Action against defendants, PROFESSIONAL DELIVERY SYSTEMS, INC. and SHERRIE B. MORRIS, a judgment ordering that defendants deposit with plaintiff funds in the amount of One Hundred Thousand and 00/100 ($100,000.00) Dollars, to be held by plaintiff as collateral with the right to use such funds or any part thereof at any time in payment of compromise of any judgments, claims, liabilities, losses, damages, attorney's fees and disbursements, and for other expenses assessed against plaintiff.

b) On the Second Cause of Action against defendants, PROFESSIONAL DELIVERY SYSTEMS, INC. and SHERRIE B. MORRIS, an amount to be determined by the Court for reasonable attorney's fees incurred in investigating and prosecuting this action, plus the additional fees incurred as a result of this proceeding, together with interest.

c) Costs and disbursements of this action.

d) Such other and further relief as this Court deems just and proper.

Dated: New City, New York
      May    2   , 2007

WESTERN SURETY COMPANY

By: _____
Michael P. O'Connor (MO1550)
LAW OFFICES OF MICHAEL P. O'CONNOR
10 Esquire Road, Suite 14
New City, New York 10956
(845) 638-1956